## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TONY BRYANT,
      Appellant,

    v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
CH-0752-20-0148-I-1

DATE: July 17, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

C. Mike Moulton, Esquire, Elizabethtown, Kentucky, for the appellant.

Timothy Harner, Esquire, and Whitney Alfred Campbell, Esquire, Fort Knox, Kentucky, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the appeal to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a GS-7 Human Resources Assistant with the agency. Initial Appeal File (IAF), Tab 4 at 22. On December 3, 2019, the appellant was removed from his position, and thus had until January 2, 2020, to file an appeal of his removal with the Board. *Id*. at 22-23; 5 C.F.R. § 1201.22(b). Due to the Board's record showing that the appellant filed his appeal on January 3, 2020, the administrative judge dismissed the appellant's appeal as untimely filed. IAF, Tab 11, Initial Decision (ID). Although the administrative judge acknowledged that the appeal was only filed a day late, she found that absent a showing of good cause, the timeliness requirement could not be waived. ID at 3-4.

The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. With his petition, the appellant attaches a signed statement by his previous attorney explaining the relevant events. *Id*. at 24. According to the statement, the appellant retained the attorney on January 2, 2020, for the limited purposes of drafting his initial Board appeal. *Id*. Due to technical difficulties with his email, the appellant was unable to receive and sign the appeal; accordingly, the attorney faxed a copy of the unsigned appeal to the regional office on January 2, 2020, to meet the filing deadline.[2] *Id*. at 24-25. The appellant also attaches to his petition for review a copy of the unsigned appeal, which bears an automatically generated printing typically created when a document is faxed—the printing shows that it was faxed to the fax number at the Board's Central Regional Office on January 2, 2020. *Id*. at 26-45. The attorney further explained that, on January 3, 2020, he faxed a copy of the signed appeal to

_____

[2] Because the attorney was retained for the limited purpose of drafting the appeal, the attorney did not file the appeal as the appellant's representative. PFR, Tab 1 at 4-5, 24-25.

the regional office to correct the previous filing's deficiency. *Id*. at 25. The January 3, 2020 signed appeal is the only copy of the appellant's appeal included in the Board's record. IAF, Tab 1.

The agency has filed a response to the appellant's petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations provide that an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency decision, whichever is later. 5 C.F.R. § 1201.22(b). The date of a filing submitted by facsimile transmittal is determined by the date of the fax. 5 C.F.R. § 1201.4(*l*). The Board will waive the filing deadline only upon a showing of good cause. 5 C.F.R. § 1201.22(c). In this appeal, as discussed above, the administrative judge determined that the appeal was filed 1 day late and the appellant failed to show good cause. ID at 2-4.

Upon review of the record, we find that a remand is appropriate in this matter because the evidence establishes that the appellant's appeal was timely filed and it was the regional office's failure to adhere to the Board's procedures for processing appeals that resulted in the dismissal of the appellant's appeal. According to the *Judge's Handbook*, when an appeal is received, the regional or field office must review the appeal and determine whether it contains the information required by 5 C.F.R. § 1201.24(a). Merit Systems Protection Board, *Judge's Handbook* 3, *available at* https://www.mspb.gov/appeals/files/ALJHandbook.pdf. While deficiencies, such as a lack of signature, may be cause for rejecting the appeal, the appeal should still be docketed as long as it contains sufficient information. *Id*. at 3-4. If the office determines that it should reject the appeal, then a standard rejection notice must be issued to the appellant identifying the specific deficiency. *Id*. at 5, 8. Whether formally rejected or not, for the

purposes of determining timeliness, the receipt date of the incomplete appeal is considered the filing date of the appeal. *Id.*; *Taylor v. Office of Personnel Management*, 73 M.S.P.R. 142, 143 (1997) (finding that the original filing of the deficient submission was the filing date after the filing was returned by the receiving office for a technical deficiency).

In this matter, the unsigned appeal faxed on January 2, 2020 had sufficient information for the regional office to docket the appeal. PFR File, Tab 1 at 26-45. Indeed, the appeal contained everything listed in 5 C.F.R. § 1204.24(a) except for the appellant's signature. *Id.* While the regional office could have rejected the appeal due to the lack of signature, if that was the route it decided upon, it should have issued a rejection notice to the appellant, which it did not. *Judge's Handbook* at 5, 8.

In sum, the evidence establishes that the appellant faxed an incomplete appeal to the regional office on January 2, 2020. PFR File, Tab 1 at 24-45. Consistent with the Board's practice, January 2, 2020, should be treated as the filing date of the appellant's appeal. *Judge's Handbook* at 5, 8; *Taylor*, 73 M.S.P.R. 142, 143. Therefore, we find that the appeal was timely filed and that the administrative judge erred in dismissing the appeal as untimely filed.[3]

Our finding in this appeal is similar to our reasoning in *Gordon v. Department of the Air Force*, 104 M.S.P.R. 358, ¶ 5 (2006). In *Gordon*, the Board remanded an appeal that was dismissed for failure to prosecute after the appellant missed several deadlines and conferences scheduled by the administrative judge. *Id.*, ¶ 2-3. Upon review, the Board determined that the regional office failed to serve the appellant in the manner he elected, serving him

---

[3] The agency argues in its response to the petition for review that the Board should not consider the evidence presented by the appellant on review because he did not establish that this evidence was unavailable before the record closed. PFR File, Tab 4. Pursuant to 5 C.F.R. § 1201.115(e), the Board has the authority to consider any argument on appeal. Because the appellant's rights were substantively prejudiced by an error committed by the regional office, we do not believe the timing of the submission of the evidence should control the outcome of this matter.

via mail as opposed to electronically. *Id.*, ¶ 5. The Board found that the regional office's failure to adhere to Board regulations prejudiced the appellant. *Id.* As a result, the Board remanded the appeal to the regional office for processing. *Id.*, ¶ 6. We find that a remand is appropriate here for the same reasons.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication as a timely filed appeal in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.